# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARIA ALEJANDRA MEDINA-VELASQUEZ, <br><br> Defendant. | Case No.:  18-CR-943 DMS <br><br> **ORDER DENYING MOTION FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

Before the Court is Defendant Maria Alejandra Medina-Velasquez's *pro se* motion to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  The Government filed a response in opposition.  Defendant did not file a reply.  For the following reasons, Defendant's motion is denied.

## I.
## BACKGROUND

On March 18, 2019, the Court sentenced Defendant to 60 months of imprisonment and three years of supervised release, for two counts of violating 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine and Importation of Heroin.  (Judgment, ECF No. 43.)

Defendant is 47 years old and suffers from obesity, kidney disease, diabetes, and hypertension. She has also suffered a stroke. (Mot. at 1.) The Centers for Disease Control and Prevention (CDC) identifies obesity, chronic kidney disease, and diabetes as conditions placing an individual at increased risk of severe illness from COVID-19. *See Groups at Higher Risk for Serious Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Defendant is currently incarcerated at the Federal Medical Center-Carswell (FMC-Carswell), in Fort Worth, Texas. (Mot. at 1.) She is scheduled to be released on April 30, 2022. (Opp. at 2.) Due to the risks associated with COVID-19 and the inability to socially distance in a custodial setting, Defendant now seeks a reduction of her sentence.

## II.
## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prison ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D.

Cal. Mar. 3, 2020) (internal quotation marks and citations omitted).  Here, Defendant submitted her request for "compassionate release or home confinement" to the warden on June 10, 2020.  (Mot. at 1; Opp. at 9 n.7.)  On June 27, 2020, the warden denied Defendant's request.  (*Id.*)  Because the warden has denied Defendant's request, the Court may address the motion on its merits.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any other person or to the community[.]"  *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("U.S.S.G") § 1B1.13.  Defendant contends she meets the foregoing criteria.  As the movant, Defendant bears the burden of establishing that she is eligible for a sentence reduction.  *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

1. Extraordinary and Compelling Reasons

Defendant argues that she is eligible for compassionate release because her underlying health conditions make her particularly vulnerable to COVID-19.  The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G § 1B1.13, cmt n.1(A)(i)(I).  Defendant suffers from obesity, kidney disease, and diabetes—conditions that the CDC has determined to increase the risk of serious illness from COVID-19.  (Mot. at 1.)  Defendant also suffers from hypertension, which the CDC believes may increase the risk of serious illness from COVID-19.  (*Id.*)  The Government concedes that Defendant's medical conditions constitute "extraordinary and compelling" circumstances amidst the current pandemic.  (Opp. at 10-11.)  However, the Government contends that Defendant is not entitled to compassionate release because she has not demonstrated that she is not a danger to others or the community nor that the § 3553 factors weigh in favor of release.  The Court agrees.

### 2. Danger to Others or the Community

Even where extraordinary and compelling reasons exist, the court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1.B1.13(1)(A), (2) cmt. n. 1. To make this assessment, the Court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose. These factors are addressed in turn and overlap with the § 3553(a) factors.

While Defendant is a non-violent offender, the Government contends that Defendant poses a danger to the community because of Defendant's criminal history. Indeed, Defendant was previously convicted (1) for attempting to smuggle marijuana into the United States from Mexico and (2) for forgery. (Opp. at 9; PSR, ECF 26 at 7-8.) Defendant has a history of struggling with the terms of probation and it appears that she has not been deterred from drug smuggling activity after her prior shorter custodial sentence. (Opp. at 9; PSR, ECF 26 at ¶ 74.) Defendant states that "this [is] the 1st time in trouble" for her (Mot. at 2.) but clearly that is not the case. Based on Defendant's past conduct and criminal history, the Court finds that Defendant has failed to show she would not present a danger to others or the community if released.

### 3. § 3553(a) Factors

Finally, the Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)-(D). The court also must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1),(6).

Defendant states that during her time in custody, she has "maintained clear conduct" and participated in multiple classes regarding trauma, stress management, and health. (Mot. at 1.) She further states that she will "abide by any and all that probation and parole requires" of her. (Mot. at 2.) The Government argues that Defendant has only completed a little more than half of her 60-month sentence and points to Defendant's history of being non-compliant with probation. (Opp. at 12.) The Government also points to Defendant's history of substance abuse and specifically Defendant's alcohol abuse until the date of the instant arrest. (*Id.*)

The Court commends Defendant for how she is spending her time in custody, but does not find her sentence to be greater than necessary under § 3553(a), especially considering her criminal history and difficulty following the terms of probation. The Court is sympathetic to Defendant's concerns about COVID-19, but FMC-Carswell staff appear to be providing Defendant with proper medical attention. (Opp. at 12.) Defendant expressed concern that there was a "major outbreak" of COVID-19 at FMC-Carswell but the Government states that only 13 inmates had tested positive at that time. (Mot. at 1; Opp. at 12.) Currently, there appears to be only 2 inmates and 3 staff members who have tested positive at FMC-Carswell. *See* BOP Coronavirus Website, https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 14, 2020).

Under § 3553(a), the Court finds that Defendant's sentence is not greater than necessary to address the overarching goals of punishment, deterrence, protection of society, and rehabilitation. These factors weigh against releasing Defendant at this time.

//

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release is respectfully denied.

**IT IS SO ORDERED.**

Dated: October 19, 2020

Hon. Dana M. Sabraw
United States District Judge